IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHUN MEI TONG,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN ESTELA DERR,<br><br>        Respondent. | CIV. NO. 23-00259 JMS-WRP<br><br>ORDER (1) DENYING "MOTION UNDER 28 U.S.C. § 2241 TO REDUCE SENTENCE DUE TO CHANGE IN LAW," ECF NO. 1; (2) DENYING "MOTION TO CONSTRUE MY § 2241 AS WRIT OF MANDAMUS UNDER 28 U.S.C. § 1651," ECF NO. 4; AND (3) DENYING CERTIFICATE OF APPEALABILITY |

**<u>ORDER (1) DENYING "MOTION UNDER 28 U.S.C. § 2241 TO REDUCE SENTENCE DUE TO CHANGE IN LAW," ECF NO. 1; (2) DENYING "MOTION TO CONSTRUE MY § 2241 AS WRIT OF MANDAMUS UNDER 28 U.S.C. § 1651," ECF NO. 4; AND (3) DENYING CERTIFICATE OF APPEALABILITY</u>**

## I. INTRODUCTION

Before the court is Petitioner Chun Mei Tong's ("Tong") pro se "Motion Under 28 U.S.C. § 2241 to Reduce Sentence Due to Change in Law," filed on June 20, 2023 ("§ 2241 Petition"). ECF No. 1.[1] The § 2241 Petition seeks "a 24 months reduction of sentence be applied to immediate release from prison and reduction in supervised release term in light of the recent Supreme Court

---

[1] References to the electronic docket are to Civ. No. 23-00259 JMS-WRP, unless otherwise specified as referring to Tong's underlying criminal case, Cr. No. 18-00082 JMS-1.

ruling on *Dubin v. United States*, [599 U.S. 110 (2023),] on 'aggravated identity theft' under 18 U.S.C. § 1028A(a)(1)." ECF No. 1 at PageID.1. Based on the following, the § 2241 Petition is DENIED.

## II. DISCUSSION

A.   **Tong's Conviction and Prior Collateral Challenges**

Tong was convicted on September 6, 2019, on five counts of wire fraud in violation of 18 U.S.C. § 1343 and three counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). *See* ECF No. 88 in *United States v. Tong*, Cr. No. 18-00082 JMS-1 (D. Haw. Sept. 6, 2019) ("Tong's Criminal Case"). She was sentenced on January 6, 2020, to 66-months incarceration and ordered to pay $207,874 in restitution. *Id.*, ECF No. 109.[2]

This is not Tong's first petition for post-conviction relief from her criminal judgment, nor her first attempt at relief based on *Dubin*. On April 28, 2022, Tong filed a motion under 28 U.S.C. § 2255, seeking relief from the amount of restitution (the "First Motion"). *See* Tong's Criminal Case, ECF No. 158. The court denied the First Motion on May 4, 2022. *Id.*, ECF No. 159.

Then, on September 20, 2022, Tong filed a second motion under § 2255, seeking relief based on alleged ineffective assistance of counsel (the

---

[2] On January 20, 2022, the Ninth Circuit affirmed the restitution order on direct appeal. *See United States v. Tong*, 2022 WL 187852 (9th Cir. Jan. 20, 2022) (mem.). Tong did not otherwise challenge her conviction or sentence on direct appeal.

"Second Motion"). *Id.*, ECF No. 160. The court denied the Second Motion, finding it was "second or successive" under 28 U.S.C. § 2255(h),[3] and transferred it to the Ninth Circuit under Ninth Circuit Rule 22-3. *Id.*, ECF No. 175. And in denying certification to proceed, the Ninth Circuit recently agreed that Tong's Second § 2255 motion was "second or successive" under § 2255(h), at least to the extent it "raise[d] claims that were or could have been adjudicated on the merits when she filed her First Motion." *Tong v. United States*, ___ F.4th ___, 2023 WL 5691134, at *5 (9th Cir. Sept. 5, 2023) ("*Tong I*").[4]

---

[3] Title 28 U.S.C. § 2255(h) provides:

> (h) A second or successive motion must be certified as provided in [28 U.S.C.] section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[4] The Ninth Circuit reiterated that "[w]hen an initial petition or motion is dismissed because its claims cannot be considered by the court or do not otherwise establish a ground for habeas relief, regardless of their underlying merits, any later-filed petition or motion is second or successive." *Tong I*, 2023 WL 5691134, at *4. It thus confirmed that Tong's "First Motion was dismissed 'on the merits' for purposes of the second-or-successive bar." *Id.* The Ninth Circuit, however, transferred the petition back to this court to consider any ineffective assistance of counsel claims "that could not have been adjudicated when she filed her First Motion." *Id.* at *5.

Next, on July 9, 2023, Tong also filed a Motion for Compassionate Release (i.e., a "Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A), as Amended by the First Step Act"), ECF No. 185, which argued that—as she does in the instant § 2241 Petition—"there has been a United States Supreme Court ruling in *Dubin v. United States*, [599 U.S. 110 (2023),] which makes me innocent of my charge of 18 U.S.C. § 1028A(a)(1) Aggravated Identity Theft and decreases my sentence by 24 months."  Tong's Criminal Case, ECF No. 185.  The court denied that Motion for Compassionate Release on August 22, 2023, specifically rejecting the argument that *Dubin* makes Tong "innocent" of the three aggravated identity theft charges.  *See id.*, ECF No. 189 at PageID.2781–2783; *United States v. Tong*, 2023 WL ____ (D. Haw. Aug. 22, 2023).

**B.     Properly Construed as a Second or Successive Petition under 28 U.S.C. § 2255, the Petition is Improper for Lack of Permission from the Ninth Circuit**

Initially, although the instant Petition is brought pursuant to § 2241, it clearly challenges the legality of Tong's detention, as it argues that she should be released because she is "actually innocent" of aggravated identity theft based on *Dubin*.  *See, e.g.*, ECF No. 1 at PageID.3.  And "[a]s a general rule 'a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his [or her] detention[.]'"  *Allen v. Ives*, 950 F.3d 1184, 1188 (9th Cir. 2020) (quoting *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006)).

Nevertheless, § 2241 may be an available remedy under the "savings clause" of § 2255(e) if "the remedy by motion is inadequate or ineffective to test the legality of a prisoner's detention." *Jones v. Hendrix*, 599 U.S. 465, ___, 143 S. Ct. 1857, 1866 (2023) (brackets omitted). But *Jones* held that "the savings clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention *other than* collateral attacks on a sentence." 143 S. Ct. at 1868 (emphasis added). Under *Jones*, Tong may not use § 2241 to seek collateral relief here. The court therefore construes the § 2241 Petition as a petition or motion under § 2255. *See, e.g.*, *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012) ("Before proceeding to the merits of a § 2241 petition ostensibly brought pursuant to the 'escape hatch' of § 2255, a district court must resolve the threshold question whether a petition was properly brought under § 2241 or whether the filing should instead be construed as a § 2255 motion."); *Galindo v. Zuniga*, 2015 WL 13679497, at*5 (D. Haw. Feb. 23, 2015) (construing § 2241 petition as a § 2255 motion and dismissing it as a second or successive motion that had not been certified by the Ninth Circuit under § 2255(h)).

"Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001). And, given Tong's

5

prior § 2255 motions/petitions, the instant Petition is clearly "second or successive" within the meaning of § 2255(h). At minimum, given that her "First Motion was dismissed 'on the merits' for purposes of the second-or-successive bar," *Tong I*, 2023 WL 5691134, at *4, this Petition is at least the second habeas motion challenging Tong's criminal judgment. Further, given that the Ninth Circuit denied Tong authorization to file her Second Motion (as to at least some of her claims), *id.* at *5, this Petition is actually her *third* § 2255 motion.

The Ninth Circuit has held that "[h]abeas petitions that are filed second-in-time are not necessarily second or successive [for purposes of § 2255(h)]." *Clayton v. Biter*, 868 F.3d 840, 843 (9th Cir. 2017). Rather (prior to *Jones*), the Ninth Circuit reasoned that a petition is not second or successive "if the *factual predicate* for the claim accrued only after the time of the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (emphasis added) (citing *United States v. Buenrostro*, 638 F.3d 720, 725–26 (9th Cir. 2011) (per curiam)). Even if this reasoning is still valid after *Jones*, it does not apply here because Tong is attempting to rely on a *legal*—not factual—predicate (a legal interpretation of a statute in *Dubin*) that the Supreme Court decided after her prior petitions. *Cf. Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) (rejecting petitioner's argument that new authority provided a basis for invoking § 2255(h)'s savings clause, reasoning that "[t]he § 2255 remedial vehicle was fully available and amply

sufficient to test the argument, whether or not [petitioner] thought to raise it [and] that is all the savings clause requires").[5]  Indeed, *Jones* is consistent with the concept that new legal statutory interpretations cannot create an exception for an otherwise second-in-time habeas petition.  *See Jones*, 143 S. Ct. at 1876 ("§ 2255(h) specifies the two circumstances in which a second or successive collateral attack on a federal sentence is unavailable, and those circumstances do not include an intervening change in statutory interpretation.").[6]

        In sum, because Tong has not received permission from the Ninth Circuit to file this second or successive habeas petition, the court lacks jurisdiction over the Petition.  *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Cooper*, 274 F.3d at 1274; *Fuentes v. United States*, 2009 WL 1350118,

---

[5] That is, even if *Dubin* had not been issued, the legal claims made in that case still "could have been brought in [Tong's] earlier petitions," *Clayton*, 868 F.3d at 844 (citation omitted), and "could have been adjudicated on the merits in [her] first petition," *Tong I*, 2023 WL 5691134, at *4 (citation omitted).

[6] In any event, even if Tong's present Petition is construed as a first petition, it would clearly fail on the merits.  The court has already decided—in denying Tong's Motion for Compassionate Release—that *Dubin* provides no basis for her release.  *See* Tong's Criminal Case, ECF No. 185 at PageID.2781–2783.
    What's more, the Petition may also be procedurally barred because Tong did not challenge her conviction on direct appeal, having chosen only to challenge the restitution order. *See, e.g.*, *Bousley v. United States*, 523 U.S. 614, 622 (1998) (reiterating that a defendant "has procedurally defaulted a claim by failing to raise it on direct review, [and] the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'").

at *3 (D. Haw. May 14, 2009) (concluding that the court lacks jurisdiction to rule on the successive § 2255 petition without authorization from the Ninth Circuit).

## C.     The Court Declines to Transfer the Petition to the Ninth Circuit

Under Ninth Circuit Rule 22-3(a), "[i]f an unauthorized second or successive . . . section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals." Here, the court declines to refer this Petition to the Ninth Circuit because it would not be "in the interests of justice." The court has already determined in its order denying compassionate release that *Dubin* provides no basis for Tong's release. Moreover, *Dubin* applies statutory interpretation—it is not "a new rule of constitutional law" under § 2255(h). If this court referred the matter to the Ninth Circuit, the Ninth Circuit would almost certainly refuse to authorize the Petition. *See, e.g.*, *Tate v. United States*, 982 F.3d 1226, 1228 (9th Cir. 2020) (refusing to authorize a second or successive petition based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because "*Rehaif* announced a statutory, rather than a constitutional rule").

## D.     The Court Denies Tong's Motion to Construe the Petition as Brought Under the All Writs Act

Finally, seeming to recognize that the current Petition is barred, Tong has filed a "Motion to Construe My 2241 as Writ of Mandamus Under 28 U.S.C. § 1651" ("Motion to Construe"). *See* ECF No. 4 (Tong stating that "[s]ince *Dubin*

8

is not a new constitutional rule, it does not meet the standard for a 'second or successive 2255' under §. 2255(h)(2).  Hence, the only remedy would be available through a Writ of Mandamus under 28 U.S.C. § 1651").

The court DENIES Tong's Motion to Construe.  A defendant may not use the All Writs Act, 28 U.S.C. § 1651, to circumvent § 2255's gatekeeping requirements.  *See, e.g.*, *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."); *Storey v. Lumpkin*, 8 F.4th 382, 389 (5th Cir. 2021) ("But just as [defendant] cannot use Rule 60(b) to evade the strictures of § 2244 and § 2254, he cannot generally invoke the All Writs Act to accomplish the same end."); *Nelson v. Reese*, 214 F. App'x 465, 467 (5th Cir. 2007) ("Because § 2255 provides the primary means of collaterally attacking a federal conviction and sentence . . . the All Writs Act is not applicable to [the petitioner]'s petition.") (citation omitted) (unpublished); *Shin v. United States*, 2021 WL 4944028, at *11 (D. Haw. Oct. 22, 2021) ("Such writs are not available when the claims raised would be cognizable in petitions under 28 U.S.C. § 2255."), *aff'd*, 2023 WL 2523613 (9th Cir. Mar. 15, 2023) (mem.).

## III. **CONCLUSION**

The Petition is DISMISSED for lack of jurisdiction. This dismissal is without prejudice to Tong filing an application with the Ninth Circuit under Ninth Circuit Rule 22-3 for leave to file a second or successive petition. To the extent a certificate of appealability is required, *see* R.11(a) Governing § 2255 Proceedings in the U.S. Dist. Cts., the court DENIES a certificate of appealability because reasonable jurists could not find the court's rulings to be debatable. *See Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc) (setting forth standard for certificate of appealability), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 19, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Tong v. Derr*, Civ. No. 23-00259 JMS-WRP, Order Denying (1) "Motion Under 28 U.S.C. § 2241 to Reduce Sentence Due to Change in Law," ECF No. 1; (2) "Motion to Construe My § 2241 as Writ of Mandamus Under 28 U.S.C. § 1651," ECF No. 4; and (3) Denying Certificate of Appealability